OPINION
Defendant-appellant Ohio Adult Parole Authority appeals from a declaratory judgment rendered by the trial court, whereby it was ordered to place plaintiff-appellee Keith Randolph in that category of offenses corresponding to the offense of which he was convicted, for purposes of considering his parole eligibility. The Parole Authority contends that the trial court erred in granting Randolph's motion for summary judgment. In a prior appeal in this case, we held that unrebutted allegations serving as the predicate for Randolph's motion for summary judgment stated a claim upon which relief can be granted. Accordingly, we conclude that Randolph's entitlement to judgment, as a matter of law, is established as the law of this case, and the trial court did not err by rendering judgment in Randolph's favor.
 I
Randolph was indicted for Murder, but entered into a plea agreement with the State in 1991, wherein he pled guilty to Involuntary Manslaughter. He was sentenced to an indeterminate term of from five to twenty-five years.
The Parole Authority has adopted guidelines for the exercise of its discretion pursuant to R.C. 2967.03. These guidelines rely on two factors, arranged in a two-dimensional grid, to determine how much time a prisoner should serve before being considered for parole. One of these two factors is the nature of the prisoner's offense. The least serious offenses are in category one, with more severe categories up to category thirteen, which includes Murder. Involuntary Manslaughter is a category nine offense.
The other factor is the risk of reoffending, based primarily upon prior criminal conduct. The presumptive amount of time an inmate should serve before being paroled is determined by finding the intersection between his offense category and his risk of reoffending category.
The Parole Authority determined Randolph's offense to be Murder, rather than Involuntary Manslaughter, and placed him in category eleven. Randolph brought an action for declaratory and injunctive relief against the Parole Authority and the Miami County Prosecutor, contending that the classification of his offense as Murder, for purposes of determining his presumptive release date, breached his plea agreement with the State, and also violated his right to equal protection of the laws under the United States and Ohio constitutions. The Parole Authority moved to dismiss his complaint, upon the ground that it failed to state a claim upon which relief could be granted. The trial court found the Parole Authority's motion to be well-taken, and dismissed the complaint. Randolph appealed to this court.
In a judgment rendered January 21, 2000, we held that Randolph's complaint stated a claim upon which relief can be granted. Randolph v. Ohio Adult Parole Authority (January 21, 2000), Miami County App. No. 99-CA-17, unreported. In our opinion, we specifically found that the following paragraphs in Randolph's complaint stated a claim upon which relief could be granted:
 29. That on November 13, 1998, the State of Ohio in the person of the [Parole Authority] breached the agreement reached with Plaintiff Keith Randolph, as memorialized by the judgment entry filed in the Court of Common Pleas for Miami County, Ohio, Case No. 90CR195 on December 12, 1990, when it disregarded the plea agreement to incarcerate Plaintiff for the offense of voluntary manslaughter in exchange for Plaintiff's plea of guilty, and instead placed Plaintiff in the revised parole guidelines for the offense of murder causing Plaintiff to serve between 180-210 months in prison, instead of 84-120 months as is required for the offense of voluntary manslaughter.
 30. That the breach of the plea agreement as alleged in 29 is in violation of both the State and Federal Constitutions, as well as State law, and is therefore wrongful; and except in a court of equity, Plaintiff is without remedy.
 31. Plaintiff is being damaged by being incarcerated for the offense of murder when he is, in fact, convicted and order [sic] to be confined for the offense of voluntary manslaughter, causing him to serve more time in prison than he would if the [Parole Authority] was treating Plaintiff as an offender of the voluntary manslaughter statute.
 32. The breach of contract, and the resulting damage from the breach of contract, requires the issuance of an injunction ordering Defendant [Parole Authority] to comply with the terms of the contract or agreement; and to immediately rehear Plaintiff [sic] at a parole hearing where he is to be placed in category 9, the offense category for voluntary manslaughter, and granted a parole date within the guidelines found at the intersection of category 9, and risk category 1, which requires 84-120 months of incarceration.
Because we found that Randolph's complaint stated a claim upon which relief can be granted, we reversed the judgment of the trial court dismissing his complaint, and remanded the cause to the trial court for further proceedings.
The Parole Authority moved for reconsideration of our judgment on appeal, which we overruled. The Parole Authority then appealed to the Ohio Supreme Court, which declined jurisdiction to hear the case, and dismissed the appeal.
On remand, both sides moved for summary judgment. The trial court found Randolph's motion for summary judgment well-taken, and rendered judgment accordingly. From the judgment rendered against it, the Parole Authority appeals.
 II
The Parole Authority's assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN FINDING THAT PAROLE CONSIDERATIONS OF APPELLEE, SUCH AS PLACEMENT IN A PARTICULAR CATEGORY OF THE OHIO ADULT PAROLE AUTHORITY'S ("APA") GUIDELINES, WERE CONTROLLED BY APPELLEE'S PLEA AGREEMENT BECAUSE THAT AGREEMENT DOES NOT ADDRESS PAROLE AT ALL.
 II. THE TRIAL COURT'S CONSTRUCTION APPELLEE'S PLEA AGREEMENT VIOLATES PUBLIC POLICY BECAUSE IT RESULTS IN A CONTRACTUAL ABROGATION OF THE OHIO ADMINISTRATIVE CODE AND SUPPRESSES INFORMATION ABOUT CRIMINAL ACTIVITY.
 III. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLEE PROVED THE ELEMENTS OF HIS EQUAL PROTECTION CLAIM BECAUSE HE SHOWED NEITHER DISPARATE TREATMENT OR LACK OF RATIONALITY.
With the exception of the Parole Authority's Third Assignment of Error, it is essentially re-making the legal argument it made as the appellee in the first appeal in this case, which we rejected. Our conclusion in our opinion in the earlier appeal in this case was that, assuming the truth of the factual averments in Randolph's complaint, quoted in Part I, above, he is entitled to be deemed to be an offender in category nine, which includes Voluntary Manslaughter, the offense of which he was actually convicted, for purposes of determining his presumptive release date. We do not quarrel with, nor does the trial court's judgment dispute, the Parole Authority's ability, in determining whether, in fact, to release Randolph on his presumptive release date, to take into consideration relevant facts and circumstances, which includes the offense with which he was originally indicted, as well as any facts and circumstances pertaining to the nature of that offense that may come to the attention of the Parole Authority. The Parole Authority has the undoubted discretion to determine, at that time, based on all the facts and circumstances known to it, whether to release Randolph on parole.
Randolph's entitlement to relief, based upon the particular facts alleged in his complaint quoted in Part I, above, none of which are disputed,[1] was established as the law of this case when our judgment of January 21, 2000, was entered, the Parole Authority's motion for reconsideration was overruled, and the Parole Authority's attempt to appeal this case to the Ohio Supreme Court came to naught.
The law of the case is binding upon the parties to an action absent extraordinary circumstances, such as an intervening change in the law by a higher authority. We have not been directed to any extraordinary circumstance requiring departure from the law of this case. Accordingly, the Parole Authority's First and Second assignments of error are overruled.
The Parole Authority's Third Assignment of Error is moot, since by virtue of our decision in the prior appeal in this case, Randolph is entitled to the relief he has obtained independently of any argument based upon the equal protection clauses of either the Ohio or United States constitutions. Accordingly, the Parole Authority's Third Assignment of Error is overruled as moot.
 III
All of the Parole Authority's assignments of error having been overruled, the judgment of the trial court is Affirmed.
[1] Obviously, the Parole Authority disputes the legal conclusions expressed in the paragraphs in Randolph's complaint quoted above, but we do not understand it to be disputing any of the factual allegations set forth therein.
WOLFF, P.J., and BROGAN, J., concur.